UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ARSHAD HUSSAIN,

                          Plaintiff,                     04-CV-2443
                                                                     (SJF)(ARL)
            -against-

                                                                    **OPINION & ORDER**

COMMISSIONER (JOHN DOE) OF THE
NASSAU COUNTY POLICE DEPARTMENT,
COMMISSIONER/SUPERINTENDENT
OF NASSAU COUNTY JAIL,

                          Defendants.
---------------------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

*Pro se* plaintiff Arshad Hussain ("Plaintiff") commenced this action pursuant to 42 U.S.C. §§ 1983 and 1985 seeking $1.5 million in damages for injuries allegedly sustained during his arrest for robbery and murder in 1994. Defendants move to dismiss Plaintiff's complaint on the ground that the applicable statute of limitations has expired. For the reasons set forth below, Defendants' motion is granted, and Plaintiff's complaint is dismissed.

II.    Background

Plaintiff was arrested in 1994 and charged with one count each of murder and robbery. (Cmplt. ¶ 2). Plaintiff alleges that during the arrest he was "beat, kicked, and punched" by the Nassau County Police Department ("NCPD") "until [he] fell completely unconscious . . . [and was] kicked in the head to such a degree that [he] immediately lost the ability to hear . . . ." (Id. ¶ 3). Plaintiff claims that he requested medical treatment from the NCPD for his alleged injuries, but none was provided. (Id. ¶ 4). According to Plaintiff, in 1997 the medical staff of the

Downstate Correctional Facility determined (1) "that there was something wrong with [Plaintiff's] ability to hear," and (2) that Plaintiff had not been hearing impaired prior to his incarceration. (Id. ¶ 8).

On January 2, 2004, Plaintiff was examined by Dr. John Serhan of the Medical Department of the New York State Department of Correctional Services. (Id. ¶ 12). Plaintiff claims that

> [u]pon careful review of the folder of [Plaintiff], Doctor Serhan determined from past conversations with [Plaintiff], that [Plaintiff] states that he receive [sic] head trauma while at the Nassau County Jail and this multiple head trauma came as a result of the actions of the Nassau Police Department and the Nassau County Jail personnel (Correctional Officers).

(Id.). Plaintiff filed the present lawsuit in the Southern District of New York on March 29, 2004.[1] It was transferred to this Court on June 15, 2004.

III. Plaintiff's Pleadings

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a

---

[1] The complaint was received by the *pro se* office in the Southern District of New York on March 29, 2004, and was officially filed on the Southern District docket on June 4, 2004 (S.D.N.Y. Tr. Ord. at 1, n. 1). While Defendants claim the action was not filed until August 3, 2004, (Mem. Law at 1), "the date stamped by the Pro Se Office constitutes the commencement of the action." Williams v. Cooney, 2004 U.S. Dist. LEXIS 3648, at *10 (S.D.N.Y. March 8, 2004) (citing Toliver v. County of Sullivan, 841 F.2d 41, 42 (2nd Cir. 1988)).

2

*pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

IV.     Analysis

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted only where "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Cooper v. Parksy, 140 F.3d 433, 440 (2d Cir. 1998). The Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Koppel v. 4987 Corp., 167 F.3d 125, 128 (2d Cir. 1999). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. See Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

A defense based upon the statute of limitations may be raised in a motion to dismiss when "the running of the statute is apparent from the face of the complaint." Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir. 1987); see also Weizmann Inst. of Science v. Neschis, 229 F. Supp. 2d 234, 252 (S.D.N.Y. 2002); Sanders v. Dep't of the Army, 981 F.2d 990, 991 (8th Cir. 1992). Dismissal is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Weizman Inst. of Science, 229 F. Supp. 2d at 252.

The statute of limitations for claims brought in New York under 42 U.S.C. §§ 1983 and 1985 is three years. Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004); see also Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (citing Owens v. Okure, 488 U.S. 235, 249-50, 102 L. Ed. 2d 594, 109 S. Ct. 573 (1989)); Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7

F.3d 1085, 1087 (2d Cir. 1993). A claim under §§ 1983 and 1985 accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Pearl, 296 F.3d at 80 (internal quotations and citations omitted). Furthermore, a claim "based on an assault accrues at the time of the assault." Owens v. Harris, 1996 U.S. Dist. LEXIS 9952, at *4 (S.D.N.Y. July 16, 1996) (quoting Singleton v. City of New York, 632 F.2d 185, 202 (2d Cir. 1980).

Plaintiff claims that he was "beat, kicked, and punched" during his arrest in 1994, and was "kicked in the head to such a degree that [he] immediately lost the ability to hear . . . ." (Cmplt. ¶ 3). This assault clearly triggered the three year statute of limitations period, requiring Plaintiff to file any action by 1997. See Owens, 1996 U.S. Dist. LEXIS at *4. Furthermore, even to the extent Plaintiff did not have knowledge, actual or imputed, of the injury in 1994, his complaint makes clear that he did have such knowledge when he was transferred to the Downstate Correctional Facility in 1997. (Cmplt. ¶ 8).

Plaintiff did not file this lawsuit until March 29, 2004, more than seven (7) years after the 1997 examination and more than ten (10) years after the alleged assault. Although Plaintiff claims in his opposition papers that "[i]t was not until the early part of 2004 that [he] was informed . . . that he would be afforded an operation on both ears . . . [and u]ntil this very point . . . [Plaintiff] did not know that his medical condition was the direct result of the beating he receive [sic] some eight years prior," (Def. Opp. at 2), this allegation is contradicted by both his complaint, (Cmplt. ¶¶ 3, 8), and by his opposition papers. (Def. Opp. at 2). Thus, it is clear from the face of Plaintiff's complaint that his claims under §§ 1983 and 1985 are time-barred.

V. Conclusion

For the reasons set forth above, Defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to close this case.

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: May __, 2005
Central Islip, New York